UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OFRA N. LOPEZ, <br><br> Plaintiff, <br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, <br><br> Defendant. | Case No. 2:13-cv-01232-MMD-PAL <br><br> ORDER <br><br> (Def.'s Motion to Dismiss – dkt. no. 6) |

I. **SUMMARY**

Before the Court is Defendant U.S. Bank National Association's Motion to Dismiss. (Dkt. no. 6.) For the reasons discussed below, the Motion is granted.

II. **BACKGROUND**

The facts of this case are not readily ascertainable from *pro se* Plaintiff's form[1] Complaint. However, Plaintiff's claims presumably arise out of the foreclosure on Plaintiff's real property located at 5250 Burnham Ave., Las Vegas, Nevada (the "Property").

---

[1] The same Complaint, or some form of it, has appeared in several cases in the District. *See, e.g., Feldman-Snyder v. Leman Brothers Holdings Inc.*, No. 2:13-cv-00445-MMD-VCF; *Beebe v. Fed. Nat'l Mort. Assoc.*, No. 2:13-cv-311-JCM-GWF; *Burd v. Countrywide Sec.*, No. 2:13-cv-338-MMD-VCF; *Burd v. J.P. Morgan Chase*, No. 2:13-cv-337-JCM-PAL; *Duenas v. Bank of Am.*, No. 2:13-cv-354-GMN-GWF; *Salinas v. Fed. Nat'l Mort. Assoc.*, No. 2:13-cv-407-JCM-GWF; *Gonzalez v. Bank of New York Mellon*, No. 2:13-cv-306-GMN-CWH; *Santivanes v. Bank of New York Mellon*, No. 2:13-cv-00299-JCM-GWF; *Gamboa v. Goldman, Sachs & Co., et al.*, No. 2:13-cv-00282-GMN-CWH; *Prince v. Loop Capital Markets, LLC*, 2:13-cv-00429-MMD-GWF.

The only background fact ascertainable from the record before the Court is that Plaintiff obtained a $145,652.00 loan from RMS & Associates on or about August 18, 2005, which was secured with a deed of trust encumbering the property. (Dkt. no. 5, Ex. 1.)[2] Plaintiff brought suit against Defendant on April 4, 2013. It is unclear from the Complaint, the Motion, Response, or Reply what relationship Defendant has with the Property. Additionally, Plaintiff's Complaint does not list any causes of action, but simply avers that "[j]urisidiction arises under Nevada and Federal statutes for intentional misrepresentation and negligent misrepresentation." The Complaint's main focus is that the ownership interest in Plaintiff's mortgage was forfeited due to errors in the securitization process of Plaintiff's mortgage. Plaintiff seeks reconveyance of the Property free and clear of encumbrance and $124,500.00.

## III.   DISCUSSION

### A.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This statement must give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Id.* A district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).

///

---

[2] "[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

1         While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" and "[f]actual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. When the claims in a complaint have not crossed the line from conceivable to plausible, the plaintiff's complaint must be dismissed. *Id.*

**B.  Analysis**

        The Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Complaint suffers from three significant deficiencies. First, the contents of the Complaint are severely lacking in form and substance. Not only does the Complaint not identify particular causes of action, but the factual allegations are vague and devoid of any detail regarding specific actions by Defendant. In fact, the Complaint does not specify who issued the Notice of Default or even if Plaintiff was actually deprived of property in foreclosure proceedings. In short, the Complaint does not provide notice to Defendants of a legally cognizable claim and the grounds on which it rests.

        Second, although the Complaint references intentional and negligent misrepresentation, the Complaint relies on theories related to the securitization of the mortgage. These theories have been expressly rejected by this Court and the Ninth Circuit. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (split the note); *Ernestberg v. Mortgage Investors Group*, No. 2:08–cv–01304–RCJ–RJJ, 2009 WL 160241, *4–*5 (D. Nev. Jan. 22, 2009) (show me the note), *Dyson Fourness v. Mortgage Elec. Registration Sys., Inc.*, No. 3-10-cv-40-ECR-RAM, 2010 WL 5071049 (D. Nev., Dec. 6, 2010) (extinguish the note); *Chavez v. Cal. Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006 (D. Nev. June 18, 2010) (securitization voids the deed of trust). Moreover, to the extent that Plaintiff is asserting the *process* of securitization was somehow deficient, as a non-party to the pooling and service agreement, Plaintiff lacks standing to challenge that process. *See Armeni v. America's Wholesale Lender*, No. CV 11-8537 CAS (AGRx), 2012 WL 603242, at *3

(C.D. Cal. Feb. 24, 2012). Thus, to the extent the Complaint purports to state claims under these theories, the claims fail as a matter of law and are dismissed with prejudice.

Finally, to the extent that the Complaint relies on theories of misrepresentation, the Complaint does not allege sufficient allegations to support the elements of these claims. To state a claim for intentional misrepresentation a plaintiff must show: (1) a defendant made a false representation; (2) with knowledge or a belief that the representation was false (or knowledge that defendant had an insufficient basis for making the representation); (3) with the intention of inducing the party to act or refrain from acting upon the misrepresentation; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered damage. *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1168-69 (D. Nev. 2005). Negligent representation requires the same showing except that a plaintiff need only show that the defendant made the representation without a reasonable basis for believing its truthfulness, *id.* at 1170, or that defendant made no representation despite a duty to speak, *In re Agribiotech, Inc.*, 291 F.Supp.2d 1186, 1191–92 (D. Nev. 2003). Intentional misrepresentation is subject to a three-year statute of limitations, NRS 11.190(3)(d); negligent misrepresentation is subject to a two-year statute of limitations, NRS11.190(4)(e).

Plaintiff's Complaint does not allege that any Defendant made any representation to Plaintiff. Nor does it include allegations encompassing any of the other elements of intentional or negligent misrepresentation. As such, the Complaint is insufficient to state a claim upon which relief may be granted and must be dismissed.[3] Moreover, any representation made in connection with the September 29, 2005 securitization (*see* Compl., dkt. no. 1, Ex. 1), is inactionable under the respective statutes of limitations, and Plaintiff has alleged no facts that would have prevented discovery of the alleged

---

[3] The Court also notes that the Complaint fails to specify "the who, what, when, where and how" of the misstatement as required under the heightened pleading standard of Fed. R. Civ. P. 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

misrepresentation until recently.  Nonetheless, if Plaintiff is able to allege sufficient facts about a misrepresentation by Defendant satisfying the requirements of Rules 8(a) and 9(b), and facts sufficient to toll the applicable statute of limitations, Plaintiff may bring an amended complaint to cure the articulated deficiencies. However, Plaintiff must bring any motion to amend, together with a proposed amended complaint that cures the articulated deficiencies pursuant to Local Rule 15-1 within 30 days or the Complaint will be dismissed with prejudice.

### III.  CONCLUSION

It is therefore ordered that Defendant U.S. Bank National Association's Motion to Dismiss is granted. The Complaint is dismissed without prejudice.  To the extent Plaintiff is able to allege sufficient facts to cure the deficiencies identified in this Order, Plaintiff has 30 days to file an amended complaint. Failure to file an amended complaint within thirty (30) days shall result in dismissal of this action with prejudice.

DATED THIS 27th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE